```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
           CHARLOTTE DIVISION
     CIVIL CASE NO. 3:18-cv-00279-MR-WCM
```

| | |
|---|---|
| DOROTHY P. STACY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| ANDREW SAUL, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Fees Pursuant to the Equal Access to Justice Act [Doc. 18].

**I.     PROCEDURAL HISTORY**

The Plaintiff initiated this action on April 15, 2018, seeking review of the denial of her claim for benefits by the Commissioner under the Social Security Act (the "Act"). [Doc. 1]. The Plaintiff's Complaint was filed by George C. Piemonte, an attorney who is licensed to practice in North Carolina and admitted to practice before this Court.

The Commissioner filed an Answer to the Plaintiff's Complaint on August 6, 2018. [Doc. 4]. Thereafter, the parties filed their respective Motions for Summary Judgment and memoranda in support thereof. [Docs. 6, 7, 10, 11].

On August 9, 2019, the Magistrate Judge issued a Memorandum and Recommendation on the parties respective Motions for Summary Judgment. [Doc. 15]. On August 26, 2019, the Court entered an Order accepting the Magistrate Judge's Memorandum and Recommendation and remanded the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). [Doc. 16]. On November 11, 2019, the Plaintiff filed a Motion for Fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). [Doc. 18]. Specifically, the Plaintiff seeks an award in the amount of $9,476.00, representing 46.0 hours of total work performed by her attorneys Denise Sarnoff[1] and George Piemonte at the rate of $206.00, as well as an award of costs in the amount of $400.00. [See Docs. 18, 20-2]. On December 4, 2019, the Commissioner filed a Memorandum in Opposition to the Plaintiff's request for attorney's fees.[2] [Doc. 22]. On December 10, 2019, the Plaintiff filed a Reply to the Commissioner's Memorandum in Opposition. [Doc. 23].

Having been fully briefed, this matter is ripe for disposition.

---

[1] The memoranda submitted in support of Plaintiff's Motion for Summary Judgment and billing entries submitted in support of Plaintiff's Motion for Fees indicate that attorney Denise Sarnoff also performed work on the Plaintiff's case. [See Docs. 7 at 27, 14 at 6, 20-2].

[2] The Commissioner does not object to an award of $400.00 in costs. [Doc. 22 at 1].

## II. DISCUSSION

Under the Equal Access to Justice Act ("EAJA"), the Court must award attorney's fees to a prevailing party in a civil action brought against the United States unless the Court finds that the Government's position was "substantially justified" or that "special circumstances" would make such an award unjust. 28 U.S.C. § 2412(d)(1)(A). Because the Court ordered this case be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), the Plaintiff is properly considered a "prevailing party" in this action. See Shalala v. Schaefer, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993).

While conceding that the Plaintiff is a prevailing party in this action and thus is entitled to a fee award, the Commissioner argues that the hourly rates charged and the number of hours claimed by the Plaintiff's attorneys are excessive. Accordingly, the Commissioner argues that the Plaintiff's requested fee award should be substantially reduced. [Doc. 22].

### A. Hourly Rate

With regard to an attorney's hourly rate, the EAJA provides, in pertinent part, as follows:

> The amount of fees awarded ... shall be based upon prevailing market rates for the kind and quality of the services furnished, except that ... attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii). The decision to grant an upward adjustment of this statutory cap is a matter within the Court's sound discretion. Payne v. Sullivan, 977 F.2d 900, 901 (4th Cir.1992).

The Plaintiff requests an hourly rate of $206.00 for services performed by her attorneys from May 2018 through November 2019. [Docs. 18, 20-2]. The Plaintiff arrived at this rate by calculating the increase in the cost of living as reflected by the Consumer Price Index ("CPI") for all urban consumers of the United States (hereinafter "CPI-Urban") as of August 2019.[3] [See Doc. 20 at 3-4]. As the Commissioner correctly points out, the Plaintiff's rate does not accurately reflect the increase in the cost of living for the services provided *prior* to August 2019. Using the Plaintiff's method of calculation of a single rate reflecting only "the cost of living in [August 2019] for all [two] years to calculate the amount of attorney's fees would result in a *de facto*

---

[3] The Fourth Circuit has held that an adjustment for the "cost of living" to the EAJA statutory ceiling "requires the use of a broad cost-of-living index." See Sullivan v. Sullivan, 958 F.2d 574, 576 (4th Cir.1992).

4

award of pre-judgment interest, which would constitute an abuse of discretion." Kerin v. U.S. Postal Serv., 218 F.3d 185, 194 (2d Cir. 2000). As such, the Commissioner argues, that the Plaintiff should have calculated the percentage change for cost of living between March 1996, the time of the re-enactment of the EAJA statute, and the *dates of services performed* in the case, and applied that percentage increase to the statutorily set rate of $125.

The Commissioner also challenges the Plaintiff's use of the CPI-Urban in calculating the hourly rate. [Doc. 22 at 3-5]. The Commissioner submits that the most accurate CPI for calculating the increase in the cost of living is the CPI for south urban consumers (hereinafter "CPI-South"). [Doc. 22 at 4, fn.1]. Using the CPI-South, the Commissioner calculates an adjusted hourly rate range of $199.54 to $202.94 for services performed from May 2018 through October 2019.[4] [Doc. 22 at 4–5]. The Commissioner, however, does not provide any meaningful discussion in support of applying the CPI-South.[5]

The Court finds that the increase in the cost of living which occurred

---

[4] The Commissioner notes that the calculation does not include the services performed in November 2019, as the information for November 2019 was not yet available. [Doc. 22 at 4, fn. 2].

[5] The Commissioner fails to even indicate what reduction results in applying the CPI-South rates to Plaintiff's claimed amount. Notably, the reduction is not significant, as when the CPI-South rates are applied the total reduction is, at the most, $297.16. In other words, the Commissioner's suggestion amounts to a reduction of less than two (2) hours of the Plaintiff's claimed amount.

5

since the EAJA was last amended in 1996 warrants an adjustment of the statutory hourly rate and that the CPI-Urban is an appropriate measure by which to calculate the adjustment. See Peek v. Astrue, No. 1:09CV301, 2010 WL 5211499, at *2 (W.D.N.C. Dec. 15, 2010) (noting that CPI-Urban is "customarily" accepted as an appropriate measure to calculate an adjustment of the statutory rate). Accordingly, the Court will apply the annual aggregated[6] CPI-Urban for 2018 and 2019 to calculate the cost of living adjustment and therefore will award the Plaintiff fees based on an hourly rate of $201.58 for work performed by her counsel in 2018 and $205.23 for work performed in 2019.

## B. Number of Hours Charged

Under the EAJA, an award of attorney's fees must be "reasonable," both with respect to the hourly rate charged and the number of hours claimed. See Hyatt v. Barnhart, 315 F.3d 239, 248 (4th Cir.2002) (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)). The fee applicant bears the burden of demonstrating to the Court that the number of hours charged are reasonable. See Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40

---

[6] The CPI-Urban aggregated annual amount is $251.10 for 2018 and $255.65 for 2019. See United States Department of Labor, Bureau of Labor Statistics, The Consumer Price Index for All Urban Consumers from 2018 to 2019, available at https://data.bls.gov/cgi-bin/surveymost?cu (last visited January 24, 2020).

(1983). The Court has broad discretion to determine what constitutes a reasonable fee award. See May v. Sullivan, 936 F.2d 176, 177 (4th Cir.1991) (per curiam).

The Plaintiff's attorneys claim a total of 46.0 hours for work performed in this case. [Doc. 20-2]. Attorney Sarnoff spent 41.35[7] hours reviewing the file and drafting the summary judgment briefs, while attorney Piemonte spent 2.0 hours finalizing revisions to the summary judgment briefs. [Id. at 1 (entries on 9/24/2018 through 9/27/2019, entries on 10/05/2018 and 1/29/19)].

The Commissioner argues the time spent preparing the briefs is excessive and redundant. [Doc. 22 at 5-9]. Specifically, the Commissioner argues that the Plaintiff claims 7.5 hours for drafting a brief on September 27, 2019, a month after the Court entered a Judgement in this case. [Id. at 5-6]. Further, the Commissioner argues that the time entries for finalizing the briefs are duplicative and unnecessary. [Id. at 7-9]. On the other hand, the Plaintiff argues that the time spent on the case was reasonable and that the time spent finalizing the briefs was not redundant. [Doc. 23 at 3-6].

---

[7] The Plaintiff's billing entries reflect that time is documented using the 0.1 hour increment, however, it appears that the Plaintiff at times uses a .25 increment to keep time. [Doc. 20-2 (entries on 1/28/19 and 8/09/19)]. The Plaintiff offers no explanation for the discrepancy in the billing entries.

7

Upon careful review of the record in this matter and counsel's time entries, the Court finds that the hours claimed by the Plaintiff's attorneys in litigating this matter are unwarranted. The Plaintiff's attorneys claim a total of 46.0 hours for the preparation of the summary judgment brief and reply brief, including time spent reviewing the record and finalization. Counsel, however, does not explain the 7.5 hours of time claimed by attorney Denise Sarnoff for working on a brief one month after the Judgment in this case was entered. Accordingly, the Court will deduct a total of 7.5 hours from the time claimed by attorney Sarnoff for preparing a summary judgment brief after the entry of a Judgment in this case.

### III. CONCLUSION

After consideration of the deductions outlined above, the Court will award the Plaintiff the following amount as an award of reasonable fees and expenses under the EAJA:

| | | |
|---|---|---|
| 29.9 attorney hours[8] x $201.58 | = | $6,027.24 |
| 8.6 attorney hours[9] x $205.23 | = | $1,764.97 |
| **Total:** | | **$7,792.21** |

---

[8] This figure is arrived at by adding the total reasonable number of hours of work performed by attorneys Sarnoff and Piemonte (29.9 hours) for the summary judgment briefs in 2018.

[9] This figure is arrived at by adding the total reasonable number of hours of work performed by attorneys Sarnoff and Piemonte (8.6 hours) for the briefs in 2019.

The Plaintiff requests that the EAJA award be paid directly to Plaintiff's counsel as the Plaintiff's assignee. In support of this request, the Plaintiff has submitted a fee agreement executed by the Plaintiff, pursuant to which the Plaintiff has agreed to assign any EAJA fee award in favor of counsel. [Doc. 20-1]. The Court finds that the Commissioner should accept this assignment of the awarded fees by the Plaintiff to counsel and upon receipt of such assignment, the Commissioner shall pay that award of fees directly to Plaintiff's counsel, provided that it is shown that the Plaintiff does not owe any debt to the United States Government which is subject to offset. See Astrue v. Ratliff, 560 U.S. 586 (2010).

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

(1) The Plaintiff's Motion [Doc. 18] is hereby **GRANTED IN PART** to the extent that the Plaintiff is hereby awarded attorney's fees in the amount of Seven Thousand Seven Hundred and Ninety-Two Dollars and Twenty-One Cents ($7,792.21), which sum is in full satisfaction of any and all claims by the Plaintiff in this case pursuant to 28 U.S.C. § 2412(d);

(2) Within thirty (30) days of the entry of this Order, or some other time as determined by the Court upon good cause shown, the Commissioner shall inform Plaintiff's counsel whether the Plaintiff owes a debt to the Government by which this fee award may be offset. Before any funds are disbursed to counsel, the Plaintiff's counsel shall provide a valid fee assignment to the Commissioner;

(3) **IT IS FURTHER ORDERED** that Four Hundred Dollars ($400.00) in costs shall be reimbursed to the Plaintiff from the Treasury Judgment Fund upon certification thereof by the Office of the United States Attorney to the Department of Treasury.

(4) In the event that past-due benefits are awarded on remand, the Plaintiff shall have sixty (60) days after being served with notice of the past-due benefits award to file for an award of fees pursuant to the Social Security Act, 42 U.S.C. § 406(b); and

(5) No additional Petition pursuant to 28 U.S.C. § 2412(d) may be filed.

**IT IS SO ORDERED.**

Signed: January 29, 2020

Martin Reidinger
United States District Judge